UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MICHAEL SAUNDERS, on behalf of himself and
all others similarly situated,

                                   Plaintiff,                        24-CV-06208 (JMF)(SN)

                        -against-                                    <u>ORDER TO SHOW CAUSE</u>

ROYAL LEAF CLUB DISPENSARY CORP.,

                                   Defendant.

----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/27/2025

SARAH NETBURN, United States Magistrate Judge:

      Plaintiff filed his complaint on August 16, 2024. ECF No. 1. Defendant was served on August 30, 2024, though Plaintiff did not file proof of service on the docket until October 23, 2024. ECF No. 8. Defendant never appeared, and Plaintiff indicated on November 19, 2024, that he would move for default judgment by November 21, 2024. ECF No. 9. Despite being ordered to seek a Certificate of Default and move for default judgment promptly, ECF No. 10, Plaintiff did not. On December 4, 2024, the Court warned Plaintiff that he must submit a letter describing his intentions to prosecute this case and setting forth a reasonable schedule for seeking default judgment. ECF No. 11. Plaintiff asked for an extension of time to comply with this Order to allow Defendant to retain counsel. The Court granted this request and ordered Plaintiff to seek a Certificate of Default and move for default judgment by January 16, 2025, if Defendant had not answered or otherwise responded to the complaint by January 9, 2025. ECF No 13. Defendant never appeared, and Plaintiff failed to comply with the Court's January 16, 2025 deadline. The Court once again extended Plaintiff's time to comply, ordering him to file a letter by January 24, 2025. ECF No. 15. Plaintiff has once again failed to comply with the Court's Order.

A plaintiff has a general obligation to prosecute her case diligently. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). Under Federal Rule of Civil Procedure 41(b), the Court, on its own initiative, may dismiss an action for failure to prosecute. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). In deciding whether to dismiss an action for failure to prosecute, the Court must consider five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks omitted).

On January 24, 2025, Plaintiff failed to file a letter indicating whether he has had further contact with Defendant proposing next steps in the litigation, as required by the Court's January 17, 2025 Order. Plaintiff is hereby ordered to show cause why his complaint should not be dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is directed to file a response to this Order to Show Cause no later than February 3, 2025.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     January 27, 2025
           New York, New York