UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
MICHAEL SAUNDERS, *on behalf of himself and all* :
*others similarly situated*, :
                                            Plaintiff, :          24-CV-6208 (JMF)
:
                         -v- :          <u>ORDER OF DISMISSAL</u>
:
ROYAL LEAF CLUB DISPENSARY CORP., :
:
                                     Defendant. :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On January 27, 2025, Magistrate Judge Netburn, to whom this case had been referred, ordered Plaintiff to show cause by February 3, 2025, why his complaint should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* ECF No. 16. The deadline has passed, and Plaintiff failed to respond to the Order.

      The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004).

      In this case, Plaintiff has failed to prosecute his case. Plaintiff was first ordered on November 25, 2024, to seek a certificate of default and move for default judgment no later than December 3, 2024. ECF No. 10. After failing to comply with that Order, Plaintiff was ordered to show cause by December 18, 2024, why his complaint should not be dismissed for failure to

prosecute. ECF No. 11. Plaintiff obtained an extension, ECF Nos. 12, 13, but nonetheless failed to meet the Court's new deadline of January 16, 2025, ECF No. 15. After failing to comply, Plaintiff was ordered to file a letter by January 24, 2025. ECF No. 15. Plaintiff once again failed to comply with the Court's Order and was ordered to show cause by February 3, 2025, why his complaint should not be dismissed for failure to prosecute. ECF No. 16. Plaintiff has, yet again, failed to comply.

In light of Plaintiff's apparent total unwillingness to comply with the Court's orders, dismissal of the case is warranted. However, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice. *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: February 4, 2025
      New York, New York

                                            JESSE M. FURMAN
                                          United States District Judge